UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA ISABEL CORPENO-ARGUETA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) |
| THE UNITED STATES OF AMERICA, by and through its agencies U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement, and B.I. INCORPORATED, a Colorado corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**JURY TRIAL DEMANDED**

## COMPLAINT

### JURISDICTION AND VENUE

1. The jurisdiction for this case arises out of the Federal Tort Claims Act, 28 U.S.C. § 1331, as hereinafter more fully appears. Before this action was instituted, the claim set forth herein was presented to the office of the U.S. Department of Homeland Security's U.S. Immigration and Customs Enforcement by way of written notice and claim on or about March 8, 2017, by Standard Form 95 prescribed by the Department of Justice.

2. The plaintiff has filed the requisite notice and claim with the U.S. Department of Homeland Security's U.S. Immigration and Customs Enforcement more than one-hundred eighty (180) days before the date of the filing of this complaint. Plaintiff has not received a notice of denial from the defendant, and the failure to respond to plaintiff's claim within six months may be deemed under 28 U.S.C. § 2675(a) a constructive denial of the claim. Plaintiff has exhausted her administrative remedies pursuant to 28 U.S.C. §

1

2675.

3. The cause of action arises from the defendants' acts or omissions in Cook County, Illinois and from bodily injury occurring in Lake County, Illinois, making the Northern District of Illinois the proper venue.

4. This Court holds jurisdiction pursuant to 28 U.S.C. § 1331, because the claim arises under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*

5. The amount in controversy is over $75,000, and this Court otherwise has jurisdiction.

## COMMON ALLEGATIONS

6. The defendant THE UNITED STATES OF AMERICA, by and through its employees while acting within the scope of their employment in the U.S. Department of Homeland Security's U.S. Immigration and Customs Enforcement, put the plaintiff under U.S. Immigration and Customs Enforcement supervision in defendant's Intensive Supervision Appearance Program ("ISAP"), placing an ankle monitor on the plaintiff's right ankle on or about December 26, 2014.

7. After December 26, 2014, the plaintiff complied with all check-in or reporting requirements of ISAP by appearing in-person at the Chicago office of ISAP operated by B.I. Incorporated through a contract with defendant THE UNITED STATES OF AMERICA, U.S. Department of Homeland Security's U.S. Immigration and Customs Enforcement.

8. Through September 2015, on each occasion that the plaintiff appeared in-person at the Chicago office of ISAP or otherwise had an encounter through ISAP, the plaintiff complained to personnel of U.S. Immigration and Customs Enforcement or B.I. Incorporated that the

2

right ankle monitor was too tight and too bulky, causing plaintiff numbness, pain, and difficulty walking.

9. Through September 2015, on each occasion that the plaintiff appeared in-person at the Chicago office of ISAP or otherwise had an encounter through ISAP, the plaintiff requested of personnel of U.S. Immigration and Customs Enforcement or B.I. Incorporated that the right ankle monitor be removed and replaced with a monitor that was not as tight and not as bulky, or otherwise requested that the ankle monitor be loosened or placed on plaintiff's other ankle.

10. Through September 2015, on each occasion that the plaintiff appeared in-person at the Chicago office of ISAP or otherwise had an encounter through ISAP, the personnel of U.S. Immigration and Customs Enforcement or B.I. Incorporated refused to loosen the plaintiff's right ankle monitor, or otherwise refused to remove the right ankle monitor and replace it with a monitor that was not as tight and bulky, or otherwise refused to remove the ankle monitor and place it on the other ankle.

11. On October 4, 2015, while walking down stairs at plaintiff's place of residence in the city of Waukegan, Lake County, Illinois, the plaintiff sustained a right ankle fracture caused by the physical stress on the right ankle area from the ankle monitor. Plaintiff sought emergency medical treatment the same day and, the next day, plaintiff underwent surgical treatment consisting of open reduction internal fixation of the right ankle fracture.

**COUNT I**
**Negligence: THE UNITED STATES OF AMERICA**

1-11. Plaintiff re-alleges and incorporates her allegations 1 through 11 above as her allegations of paragraphs 1 through 11 in this Count I.

12. Defendant, THE UNITED STATES OF AMERICA, by and through its employees while acting within the scope of their employment in the U.S. Department of Homeland Security's U.S. Immigration and Customs Enforcement, had a duty to exercise ordinary care in the placement of the right ankle monitor on the plaintiff so that the ankle monitor did not cause injury from on or about December 26, 2014, through October 4, 2015.

13. Defendant, THE UNITED STATES OF AMERICA, by and through its employees while acting within the scope of their employment in the U.S. Department of Homeland Security's U.S. Immigration and Customs Enforcement, breached its duty in one or more of the following negligent or wrongful act or omission:

　　a. Failed to respond to plaintiff's complaints that the ankle monitor was too tight affecting plaintiff's ability to walk;

　　b. Failed to respond to plaintiff's complaints that the ankle monitor was too bulky affecting plaintiff's ability to walk;

　　c. Failed to respond to plaintiff's complaints that the ankle monitor was causing pain and numbness affecting plaintiff's ability to walk;

　　d. Failed to respond to plaintiff's request to loosen the ankle monitor; and

　　e. Failed to respond to plaintiff's request to remove the ankle monitor and place it on the other ankle.

14. Plaintiff's right ankle injury and right ankle fracture were a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant THE UNITED STATES OF AMERICA by and through its employees while acting within the scope of their employment in the U.S. Department of Homeland Security's U.S. Immigration and Customs Enforcement, and that medical services rendered and to be

rendered to treat the right ankle injury, disfigurement, past and future pain, past and future loss of a normal life, and past and future emotional distress, among other damages, are a proximate cause of the foregoing acts or omissions on the defendant's part.

WHEREFORE, the plaintiff, MARIA ISABEL CORPENO-ARGUETA, demands judgment against the defendant, THE UNITED STATES OF AMERICA, in an amount of money in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS) plus costs of this suit.

### COUNT II
### Negligence: B.I. INCORPORATED

1-11. Plaintiff re-alleges and incorporates her allegations 1 through 11 above as her allegations of paragraphs 1 through 11 in this Count II.

12. At all times relevant to this action, the defendant, B.I. Incorporated, was a Colorado corporation, licensed to do business in Illinois, and doing business at the Chicago office of ISAP.

13. Defendant, B.I. Incorporated, by and through its employees while acting within the scope of their employment at the Chicago office of ISAP, had a duty to exercise ordinary care in the placement of the right ankle monitor on the plaintiff so that the ankle monitor did not cause injury from on or about December 26, 2014, through October 4, 2015.

14. Defendant, B.I. Incorporated, by and through its employees while acting within the scope of their employment at the Chicago office of ISAP, breached its duty in one or more of the following negligent or wrongful act or omission:

    a. Failed to respond to plaintiff's complaints that the ankle monitor was

5

        too tight affecting plaintiff's ability to walk;

b.    Failed to respond to plaintiff's complaints that the ankle monitor was too bulky affecting plaintiff's ability to walk;

c.    Failed to respond to plaintiff's complaints that the ankle monitor was causing pain and numbness affecting plaintiff's ability to walk;

d.    Failed to respond to plaintiff's request to loosen the ankle monitor;

e.    Failed to respond to plaintiff's request to remove the ankle monitor and place it on the other ankle; and

f.    Outfitted plaintiff with an ankle monitor that was too tight, too bulky, and physically painful.

15.    Plaintiff's right ankle injury and right ankle fracture were a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant B.I. Incorporated, by and through its employees while acting within the scope of their employment at the Chicago office of ISAP, and that medical services rendered and to be rendered to treat the right ankle injury, disfigurement, past and future pain, past and future loss of a normal life, and past and future emotional distress, among other damages, are a proximate cause of the foregoing acts or omissions on the defendant's part.

WHEREFORE, the plaintiff, MARIA ISABEL CORPENO-ARGUETA, demands judgment against the defendant, B.I. Incorporated, in an amount of money in excess of $75,000.00 (SEVENTY-FIVE THOUSAND DOLLARS) plus costs of this suit.

Dated October 4, 2017

Respectfully submitted,

*s/ Gregory J. Olmstead*
One of Plaintiff's Attorneys

THE DERATANY FIRM
221 N. LaSalle Street
Suite 2200
Chicago, IL 60601
(312) 857-7285
(312) 857-2004 FAX
Atty. No.: 6188659
olmstead@lawinjury.com